UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| SAFETY NATIONAL CASUALTY CORP., ET AL | CIVIL ACTION NO. 02-cv-1146 (Consolidated w/05-cv-262 & 07-cv-397) |
| VERSUS | JUDGE HICKS |
| CERTAIN UNDERWRITERS AT LLOYD'S LONDON, ET AL | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the court is a **Motion to Lift Stay (Doc. 138)** filed by Underwriters. Underwriters ask the court to lift the stay for the limited purpose of compelling compliance with the arbitration agreements by requiring the nomination of properly qualified umpire candidates. Underwriters state that neither party has nominated any umpire candidates despite six months of negotiations, because the parties cannot agree on the qualifications needed to make the nominations. Underwriters seek an umpire who is an expert in the field of workers compensation reinsurance - - a qualification required by several of the 22 contracts. See, e.g., Doc. 138-4, Exhibit 3. With so many different contracts involved, Underwriters argue that the most narrow or strict requirements for the qualifications of an umpire should control.

Safety National and LSAT argue that Underwriters' motion is premature. Citing Gulf Guaranty Life Insurance v. Connecticut General Life Insurance, 304 F.3d 476 (5th Cir. 2002), Safety National and LSAT argue that the court lacks authority to determine umpire

qualifications prior to the issuance of an arbitration award. They further argue that Underwriters wrote the policies at issue and thereby created this issue. They ask the court to order Underwriters to exchange its list of potential umpires in accordance with the parties' agreements and the Consent Order.

The court finds Underwriters' arguments persuasive. Six months of negotiations have failed to result in the nomination of an umpire simply because the parties cannot agree on the umpires' qualifications. Underwriters are not seeking removal or challenging the qualifications of an already-seated arbitrator, as was the situation in Gulf Guaranty, supra. Noting this important distinction, the Fifth Circuit stated:

> [T]he FAA does not expressly provide authority to *remove* an arbitrator prior to issuance of an arbitral award. Under the FAA, courts may intervene into the arbitral process to *select* an arbitrator upon application of a party, if the parties fail to avail themselves of a method for arbitrator selection within their agreement or "if for any reason there shall be a lapse in the naming of an arbitrator."

Gulf Guaranty, supra, at 489, citing 9 U.S.C. § 5 (italics in original). See also Pacific Reinsurance v. Ohio Reinsurance, 814 f.2d 1324 (9th Cir. 1987)(court stepped in after a five month stalemate in naming third arbitrator: "In cases such as this one, however, the intent of Congress was to spur the arbitral process forward, rather than to let it stagnate into endless bickering over the selection process.").

The court's intervention in the arbitrator selection process, given the parties' impasse, is consistent with the Supreme Court's observation that "the congressional purpose of the FAA is to move the parties to an arbitral dispute out of court and into arbitration as quickly

and easily as possible.  Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1, 22 (1982).  The limited relief sought by Underwriters is consistent with that goal.

Accordingly, Underwriters' motion is **granted**.  The **stay is lifted** for the limited purpose of compelling the nomination and selection of qualified umpire candidates.  Consistent with the most restrictive and narrow provisions of the contracts at issue, the court orders that all umpire candidates possess the requisite experience in worker's compensation reinsurance.  The parties are directed to move forward with all deliberate speed to begin and complete the arbitration process.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 16th day of August, 2011.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE